UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REID VASTON ANDERSON,

    Petitioner,

-vs-                                          Case No. 8:09-CV-1706-T-27AEP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Petitioner, an inmate in a Florida penal institution proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging 2006 convictions for attempted purchase of cocaine, and driving while license suspended, revoked, canceled or disqualified entered by the Twelfth Judicial Circuit Court, Manatee County, Florida (Dkt. 1). Petitioner also filed a motion to proceed in this action *in forma pauperis* (Dkt. 2); a Motion for Appointment of Counsel (Dkt. 3); and a "Sworn Affidavit to Support Invoking 28 U.S.C. § 2254(b)(1)(B)(ii) & Request for Intervention in Gilchrist County Case" (Dkt. 4) in which it appears Petitioner requests the Court to interfere in the state court proceedings regarding the criminal charges filed against Petitioner in Case No. 04-84-CFMA in Gilchrist County, Florida.[1]

On August 7, 2009, Petitioner submitted his "Petition for Writ of Habeas Corpus Per 28 U.S.C. 2254(b)(1)(B)(ii) and 28 U.S.C. 2244 (b)(1)(B)(ii)" (Dkt. 6). On August 14, 2009, Petitioner

---

[1] This action was transferred to this Court from the United States District Court Middle District of Florida, Jacksonville Division (Dkt. 9).

submitted his "Petition for Writ of Habeas Corpus Per. 28 U.S.C. 2254" (Dkt. 7). Finally, on September 3, 2009, Petitioner submitted his "Request to Submit Filing that Exeeds [sic] Twenty-Five Pages" (Dkt. 11) in which he requested the Court to treat his petition for writ of habeas corpus as an "alternative writ for relief" and requested several other forms of relief such as an investigation into several state courts, relief from a judgment determining his parental visitation and custody rights, reinstatement of his driving privileges, and other forms of relief.

This Court will not allow this matter to proceed piecemeal. Petitioner initially filed his petition for writ of habeas corpus challenging his 2006 convictions entered in Manatee County. He also filed a petition asking this Court to intervene in the ongoing criminal proceedings in Gilchrist County. Subsequently, he filed what appears to be supplemental documents and requests for relief from other judgments such as a judgment in a family law action entered in Columbia County. This Court will not entertain claims that are not within its jurisdiction, or that are not cognizable in this habeas action. Therefore, Petitioner will be required to file, in one document, an amended petition for writ of habeas corpus challenging the 2006 convictions for attempted purchase of cocaine, and driving while license suspended, revoked, canceled or disqualified entered by the Twelfth Judicial Circuit Court, Manatee County, Florida

Plaintiff is cautioned that the amended petition *completely supersedes* the original petition and supplemental filings. Once a petition is amended, the only issues before the Court are the ones raised in the *text* of the amended document. *See Fritz v. Standard Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (finding that under the Federal rules an amended complaint supercedes the original complaint); *Williams v. United States*, 2001 WL 530445 at *1 n.2 (S.D. Ala. 2001) (stating that "Plaintiff's last amended complaint (Doc. 9) will supersede his prior complaint (Doc. 1) and

amended complaint (Doc. 6)."); *Gill v. Tillman*, 2001 WL 395051 at *1 (S.D. Ala. 2001) (same); *Brown v. E.F. Hutton & Co., Inc.*, 610 F.Supp. 76, 78 (S.D. Fla. 1985) (same).

Accordingly, the Court **ORDERS** that:

1. Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1) is **DISMISSED** without prejudice to Petitioner filing an amended petition for writ of habeas corpus on or before October 5, 2009. Petitioner shall limit his amended petition to challenging the 2006 convictions for attempted purchase of cocaine, and driving while license suspended, revoked, canceled or disqualified entered by the Twelfth Judicial Circuit Court, Manatee County, Florida.

2. Petitioner shall, upon filing of his amended petition, either submit the $5.00 filing fee or complete and file the **enclosed** Affidavit of Indigency.

3. The **Clerk** shall enclose **two copies** of the court-approved form used to initiate a § 2254 case and one Affidavit of Indigency form with Petitioner's copy of this order.

4. Petitioner's motion to proceed *in forma pauperis* (Dkt. 2) is **DENIED** without prejudice to Petitioner filing an amended motion to proceed *in forma pauperis*.

5. There is no automatic constitutional right to legal representation in federal habeas corpus proceedings. *See Hooks v. Wainwright*, 775 F.2d 1433, 1438 (11th Cir. 1985). Appointment of counsel prior to an evidentiary hearing is necessary if the petitioner qualifies to have counsel appointed under 18 U.S.C. § 3006A. *See* Rule 8(c), Rules Governing Section 2254 Cases (2009). Otherwise, appointment of counsel is only warranted when due process or the interests of justice require it. *McBride v. Sharp*, 25 F.3d 962, 971 (11th Cir. 1994); *Hooks*, 775 F.2d at 1438. Petitioner has not demonstrated that appointment of counsel is necessary at this stage of these proceedings.

In the event that the Court decides that an evidentiary hearing is required in this matter, it will

notify Petitioner of that decision, and an attorney will be appointed to represent him if he meets the criteria found at 18 U.S.C. § 3006(A). *See* 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing Section 2254 Cases (2008). Therefore, Petitioner's motion for appointment of counsel (Dkt. 3) is **DENIED** without prejudice.

6. Petitioner's "Sworn Affidavit to Support Invoking 28 U.S.C. § 2254(b)(1)(B)(ii) & Request for Intervention in Gilchrist County Case" (Dkt. 4) is **DISMISSED** without prejudice to Petitioner filing his motion in the United States District Court Northern District of Florida.

7. Petitioner's "Request to Submit Filing that Exeeds [sic] Twenty-Five Pages" (Dkt. 11) is **DENIED**.

8. Failure to comply with this Order within the allotted time shall result in the **dismissal** of this action **without further notice**.

**DONE AND ORDERED** in Tampa, Florida, on September 15, 2009.

ANTHONY E. PORCELLI
United States Magistrate Judge

SA:sfc

Copy furnished to:
*Pro Se* Petitioner